19-1634-cv
*DeMuth v. United States Small Bus. Admin., et al*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty.


PRESENT:    GUIDO CALABRESI,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SANDRA DEMUTH,
                    *Plaintiff-Appellant,*


        -v-                                    19-1634-cv

UNITED STATES SMALL BUSINESS
ADMINISTRATION, CHRISTOPHER
PILKERTON, in his official capacity as
Acting Administrator of Small Business
Administration,
                    *Defendants-Appellees,*

MARIA CONTRERAS-SWEET, Administrator,

*Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Sandra DeMuth, *pro se*, Depew, New York.

FOR DEFENDANTS-APPELLEES:     Michael S. Cerrone, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*; Scott, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Proceeding *pro se,* plaintiff-appellant Sandra DeMuth appeals the judgment of the district court dismissing her claims against defendants-appellees the United States Small Business Administration ("SBA") and Acting SBA Administrator Christopher Pilkerton (together, "defendants"). By decision and order entered May 3, 2019, the district court adopted the conclusions of the Magistrate Judge's report and recommendation ("R&R") and granted defendants' motion for summary judgment. In her complaint, DeMuth, who was then represented by counsel, alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and state law in connection with, *inter alia*, defendants' termination of her employment. On

appeal, DeMuth argues principally that the record presents disputed issues of material

fact that precluded the granting of summary judgment.[1]  We assume the parties'

familiarity with the underlying facts, the procedural history of the case, and the issues

on appeal.

DeMuth worked for the SBA as an informational technology ("IT")

specialist from 2005 until 2011.   DeMuth alleged, *inter alia*, that defendants

discriminated against her on the basis of her gender, and that after she sought

counseling from the SBA's Equal Employment Office ("EEO"), defendants retaliated by

dismissing her.

We review a grant of summary judgment *de novo*, "resolv[ing] all

ambiguities and draw[ing] all inferences against the moving party."  *Garcia v. Hartford

Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013).   Although courts must draw all

---

[1]      In her complaint, DeMuth asserted claims under the Age Discrimination in Employment
Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 701
*et seq.*   She abandoned her ADEA claim prior to summary judgment, however, and does not
raise her claims under the Rehabilitation Act on appeal.   Accordingly, these claims are waived.
*See Ahlers v. Rabinowitz*, 684 F.3d 53, 66 (2d Cir. 2012) (finding that "[i]ssues not sufficiently
argued in the briefs are considered waived") (internal quotation marks omitted); *Moates v.
Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (holding, in appeal brought by *pro se* litigant, that issue
not mentioned in appellant's brief was waived).   Moreover, DeMuth alleges hostile work
environment claims and raises the Equal Pay Act for the first time on appeal.   Claims not
raised below are waived.   *See Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236,
252-53 (2d Cir. 2017) (noting than "an appellate court will not consider an issue raised for the
first time on appeal") (internal quotation marks omitted).   Accordingly, we decline to consider
these claims as well.

inferences in favor of the non-moving party, "reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Employment discrimination and retaliation claims under Title VII are analyzed under the *McDonnell Douglas* burden shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973) (discrimination); *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843-44 (2d Cir. 2013) (retaliation). Under this framework, (1) a plaintiff must first establish a *prima facie* case of discrimination (or retaliation); (2) if the employee does so, the burden then shifts to the employer to articulate a legitimate, non-discriminatory (or non-retaliatory) reason for the adverse action. *See McDonnell Douglas Corp.*, 411 U.S. at 802; *Kwan*, 737 F.3d at 835. If the employer satisfies its burden, the plaintiff must then show that the reasons presented were a "pretext for discrimination" (or retaliation). *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 108 (2d Cir. 2019) (internal quotation marks omitted). To survive summary judgment, "[t]he plaintiff must produce not simply some evidence, but sufficient evidence to support a rational

4

finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not discrimination [or retaliation] was the real reason for the employment action." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) (internal quotation marks and brackets omitted).

Here, we conclude that no reasonable jury could find that DeMuth was dismissed for a discriminatory or retaliatory reason. DeMuth admitted that neither her supervisor, Thomas Guido, nor any other SBA supervisors criticized her work in sexist terms or made derogatory statements about women. Further, though on appeal DeMuth asserts that her colleague William Malek "was unwilling to learn anything from a woman, much less regard me as a coworker," Appellant's Br. at 8, beyond this conclusory allegation, she fails to identify any evidence in the record to suggest that her gender or her seeking counseling from the EEO was a motivating factor in the decision to terminate her employment. *See Davis*, 316 F.3d at 100. Moreover, defendants presented evidence that her declining performance was a legitimate, non-discriminatory reason for her termination, *see McDonnell Douglas Corp.*, 411 U.S. at 802, and DeMuth failed to present any evidence to show that this was a pretext for discrimination or retaliation, *see Weinstock*, 224 F.3d at 42. Accordingly, we conclude

5

that the district court did not err when it granted defendants' motion for summary

judgment.[2]

*      *      *

We have considered DeMuth's remaining arguments and find them to be

without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2]   DeMuth challenges the district court's determination that, because she first sought EEO counseling on October 15, 2010, any Title VII claims that relied on events prior to September 1, 2010 were time-barred.   We are unpersuaded.   Federal employees are required to exhaust administrative remedies by initiating EEO counseling within 45 days of a discriminatory act. *See* 29 C.F.R. § 1614.105(a); *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001) ("The 45-day period serves as a statute of limitations; thus, as a general rule, claims alleging conduct that occurred more than 45 days prior to the employee's initiation of administrative review are time-barred.").   Moreover, the continuing violation doctrine is inapplicable as the allegedly discriminatory acts are discrete acts and the continuing violation doctrine does not apply to discrete acts.   *See Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 156 (2012).